MILLS and wife, Respondents, vs. MORRIS and others, Appellants.

*May 16—June 4, 1912.*

*Parties: Bringing in new defendants: Necessary parties: Executors and administrators: Husband and wife: Denial of successive motions.*

1. A motion to make the "estate" of a decedent a party to an action was properly denied where, at the time, there was no personal representative upon whom service could be made.
2. A note and mortgage given by the purchasers of land for a part of the purchase price were transferred by the vendor prior to her death. After such death the purchasers brought suit against the transferee, alleging a defect in the vendor's title to the land, that the consideration for the note and mortgage had therefore failed, and that the transfer of the note and mortgage to defendant was a gift and without consideration; and praying that such securities be surrendered up and canceled. It was claimed by defendant and her husband that the securities were taken by her (with his consent) in settlement of an indebtedness of the decedent to them for care and nursing; that if the securities were canceled they would have a claim against decedent's estate for such services; and that the decedent before her death gave to her relatives considerable sums which it would be the duty of her administrator to collect and apply on such indebtedness. *Held,* that it was not necessary to bring in the administrator of the decedent as a party defendant, either for his protection or in order to a complete determination of the controversy.
3. Although defendant's husband also claimed that he expected to receive some benefit from the securities assigned with his consent to his wife, yet, there being facts before the trial court from which it might conclude that the moneys due for services rendered to the decedent were the separate property of the wife, there was no error in denying a motion that the husband be made a party.
4. A second and third motion to bring in an additional party may properly be denied where a final order has already been made denying the first motion, which the moving parties have made no attempt to vacate, modify, or set aside.

APPEAL from orders of the municipal court of Outagamie county: THOMAS H. RYAN, Judge. *Affirmed.*

The complaint in this action sets forth that in February, 1910, the plaintiffs purchased two parcels of land from one Icybinda Spaulding, now deceased, for $3,700, paying $1,500 of the purchase price in cash and executing a note secured by a mortgage on the real estate purchased for the balance of the purchase price; that the lands purchased were conveyed by a deed containing the usual covenants of warranty; that at the time said purchase was made the grantor represented that she had good title to the premises conveyed and furnished an abstract showing that she had good title thereto; and that in making the purchase plaintiffs relied on said representations as to title and on said warranty deed. The complaint further set forth that one of the parcels of land so purchased was the homestead of the husband of the grantor, Spaulding, who died intestate in 1904, and that his widow, the plaintiffs' grantor, claimed title to said homestead as the sole heir at law of her husband; that the homestead tract was worth $2,200, and that the other parcel of land, about which there is no dispute, was worth $1,500; that plaintiffs' grantor was appointed administrator of her husband's estate; that in support of her petition for the assignment of the residue of said estate she represented that her husband had a son *Adelbert Spaulding* by a former marriage, but that he had disappeared for more than ten years and had not been heard from during that time, and when last heard from he was in British Columbia and that she believed him to be dead, and that she was the only heir at law of her deceased husband; that the defendant *Addie Morris,* who is a sister of plaintiffs' grantor, also gave evidence of a like tenor on the hearing of said petition, and that both of said parties suppressed facts which should have been submitted to the court; that upon the evidence of said parties the plaintiffs' grantor was adjudged to

be the sole heir of her husband, and his estate, including the homestead, was assigned to her.

It is further alleged that plaintiffs' grantor died in October, 1910, and that before her death she assigned and transferred to the defendant *Addie Morris* the note and mortgage referred to, and that said transfer was a gift and was without consideration, and that defendant *Morris* had notice of facts which would preclude her from claiming that she was a *bona fide* purchaser for value in due course. It is then alleged that ten days prior to the commencement of the action one *Hiram A. Spaulding* put in an appearance and claimed to be the son of the husband of plaintiffs' grantor and the identical person referred to in the probate proceedings as *Adelbert Spaulding,* and likewise claimed to be the owner of the homestead parcel of land as sole heir of his father, and that plaintiffs verily believe that said *Hiram A. Spaulding* is the son and heir of Charles Spaulding, deceased. It is further alleged that the defendant *Addie Morris* is wholly insolvent, and the relief prayed for is that she be enjoined from transferring the note and mortgage, and that the same be surrendered up and canceled because the consideration therefor has wholly failed.

The answer of *Addie Morris* sets forth that plaintiffs purchased the lands with full knowledge of the fact that there might be a claimant to a part thereof, and purchased them for a reduced consideration because of the known fact that the title might prove defective. She further alleges that she purchased the note and mortgage in suit for a full and adequate consideration. The defendant *Hiram A. Spaulding* served an answer and cross-complaint in which he alleged that he was the son of Charles Spaulding, deceased, and asserted ownership to the homestead tract. Thereafter, *L. J. Morris,* the husband of the defendant, made an affidavit setting forth that the note and mortgage in suit were transferred to *Addie Morris* in consideration of services, care and nursing

of said Icybinda Spaulding, and that he consented that such. transfer should be made to his wife and that he expected to· receive a benefit from the earnings of his wife in this regard, and that he and his wife have a large claim against the estate· of said Icybinda Spaulding for the services rendered as afore- said, and that he was a necessary and proper party to the ac- tion, as was the estate of said Icybinda Spaulding. His wife· made a like affidavit, and on these affidavits a motion was. made for an order making *L. J. Morris* and the aforesaid estate parties defendant. On November 2, 1911, this motion. was denied. On November 4th a second motion was made on. much the same showing, except it was alleged that the husband. was entitled to the compensation earned by his wife in nurs- ing said Icybinda Spaulding, and that the assignment of the· note and mortgage was taken in the name of *Addie Morris* with the consent of her husband for the benefit of both. This. motion was denied on November 9th. In the meantime a special administrator was appointed for the estate of Icybinda. Spaulding, and one *Dudley H. Pierce* was named as such ad- ministrator, and on November 10th a third motion was made· by *Addie Morris* and *L. J. Morris,* her husband, and said *Pierce* as special administrator, that the two latter be made· parties to the action, based on substantially the same showing. as that made on the former motions. This motion was denied on November 13th, and from the three orders entered on said' motions *Addie Morris, L. J. Morris,* and *Dudley H. Pierce* appeal.

The cause was submitted for the appellants on the brief of˙ *Humphrey Pierce,* and for the respondents on that of *John· Bottensek.*

BARNES, J.  The questions for decision are: (1) Did the· court err in refusing to make "the estate of Icybinda Spauld- ing" and the special administrator of her estate parties de-

fendant? (2) Did the court err in refusing to make *L. J. Morris*, the husband of the defendant *Addie Morris*, a party defendant?

We apprehend that there can be no doubt that the motions to make the "estate" a party defendant were properly denied. When these motions were made there was in existence no executor or administrator or any person on whom service could be made. The theory on which it is claimed that the administrator is a necessary party is this: It is averred that Icybinda Spaulding was indebted to *Mrs. Morris*, or to her and her husband, in a large sum for care and nursing; that such services were worth the amount of the note and mortgage, and that if these are held void and canceled the *Morrises* will have a legitimate claim against the estate for the value of such services; that Mrs. Spaulding distributed considerable money in gifts among her relatives before her death which should be used in paying debts if there were any, and in the event of the note and mortgage being held void it will be the duty of the administrator to collect such money from the distributees, to the end that it may be applied in payment of the debt which was supposed to be paid by the transfer of the note and mortgage. It is further claimed that the administrator has a valid defense to this action because the plaintiffs assumed the risk of the son and heir of Charles Spaulding making claim to the property purchased, by paying a reduced consideration therefor because of the eventuality which has occurred.

It is not claimed that the administrator has any defense to the plaintiffs' cause of action that is not available to the defendant *Addie Morris*, so she is not injured in this regard by a failure to make the administrator a party. Counsel states that a complete determination of the controversy cannot be had without the presence of the estate of Icybinda Spaulding and that such estate is vitally interested in the controversy. Counsel fails to point out the reasons which support these

statements. The controversy is over the right of the plaintiffs to have a note and mortgage canceled which plaintiffs assert was given without any consideration. The holder and legal owner of that note and mortgage is made a party defendant, and we fail to see why this controversy cannot be settled without the presence of the administrator of the estate of Mrs. Spaulding. Neither do we perceive why it is necessary to make the administrator a party for his protection. Under sec. 2610, Stats. (1898), the court is required to bring in additional parties when a complete determination of the controversy cannot be made without them or when they have such an interest in the subject matter of the controversy that their due protection requires that they be brought before the court. Neither situation is presented in this case in so far as the administrator is concerned.

The practice pursued in endeavoring to make *L. J. Morris* a party defendant shows persistency to say the least. After an order was made denying the first motion counsel proceeded to ignore its existence and promptly applied for a second one, and after that application was denied, without asking to vacate either of the existing orders, made a third application. When the first application was before the court, it appeared from the answer of *Addie Morris* and also from her deposition under sec. 4096, Stats., that the note and mortgage in suit were given to her in payment of services rendered by her for Mrs. Spaulding. It appeared from the affidavits filed by her and her husband in support of the motion that the note and mortgage were assigned to the defendant *Addie Morris* with the consent of her husband, and the only claim the latter makes in reference thereto is that he expects to receive some benefit from his wife from the proceeds of the security. There were facts before the court from which it might conclude that the assignment was made in payment of a debt due the wife and which was her separate property, or that if the

husband had any claim against Mrs. Spaulding he made a gift to his wife of the amount due. Technically the court might have denied the second and third motions on the ground that there was a final order already made which the moving parties had not attempted to vacate, modify, or set aside. But we think the subsequent orders must stand when considered on the merits. The shifting of positions such as was made here should not be encouraged, and the court might well conclude that the one first taken was in accordance with the fact. Even after the shift was made, it is, to say the least, doubtful if the affidavits filed do not show that the money due for the services rendered for Mrs. Spaulding were the separate property of the wife. So approaching the question of the right of *L. J. Morris* to be made a party defendant from several different viewpoints, it is apparent that the order refusing the relief asked should not be disturbed by this court.

*By the Court.*—The orders appealed from are affirmed.